UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| KATE JOHNSTON, et al., | CASE NO. C18-11-MJP |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. |  |
| AC JV, LLC d/b/a FATHOM EVENTS, REGAL ENTERTAINMENT GROUP, AMC ENTERTAINMENT INC., and CINEMARK HOLDINGS, INC., |  |
| Defendants. |  |

THIS MATTER comes before the Court on Defendants Regal Entertainment Group, AMC Entertainment, Inc., and Cinemark Holdings, Inc.'s Motion to Dismiss (Dkt. No. 18) and Defendant Fathom Events' Motion for Judgment on the Pleadings (Dkt. No. 27). Having reviewed the Motions, the Responses (Dkt. Nos. 28, 29), the Replies (Dkt. Nos. 30, 31) and all related papers, and having considered the submissions of the parties at oral argument, the Court GRANTS the Motion to Dismiss and GRANTS the Motion for Judgment on the Pleadings.

## Background

This case arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Washington Law Against Discrimination, RCW 49.60 et seq. ("WLAD"). (Dkt. No. 1.) Plaintiffs include individuals with deafness and severe hearing loss, and seek to compel Defendants Regal Entertainment Group ("Regal"), AMC Entertainment, Inc. ("AMC"), and Cinemark Holdings, Inc. ("Cinemark") (collectively, the "Movie Theater Operators") to provide closed-captioning for productions distributed by Defendant Fathom Events ("Fathom").

Closed-captions are produced as follows: After a movie studio creates a movie, it contracts with a third-party to prepare closed-caption tracks. (Dkt. No. 1 at ¶ 16.) Spoken dialogue and other sounds are put into text, and those tracks—along with the movies—are distributed to theaters as part of a "digital data package." (Id. at ¶ 17; Dkt. No. 18 at 3.) Theaters make these captions available to viewers with hearing losses through captioning devices including glasses or viewing screens. (Dkt. No. 1 at ¶ 17-18; Dkt. No. 18 at 3.) Because most movies are distributed with closed-caption tracks, the Movie Theater Operators make captioning available for "virtually all" of the movies they show. (Dkt. No. 1 at ¶ 16; Dkt. No. 18 at 3.) A notable exception occurs when the Movie Theater Operators show content distributed by Fathom. Fathom distributes—to the Movie Theater Operators and others—special content, including classic movies, opera and stage performances, and made-for-television specials (the "Fathom Content"). (Id.) With few exceptions, Fathom does not produce or distribute closed-caption tracks for this content, and accordingly, the Movie Theater Operators do not make its content available to viewers with hearing losses. (Id.; see also Dkt. No. 18 at 3-4.)

The Movie Theater Operators move to dismiss. (Dkt. No. 18.) Fathom moves for judgment on the pleadings. (Dkt. No. 27).

**Discussion**

**I.  Legal Standard**

    **A.  Rules 12(b)(6) and 12(c)**

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (1955)). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, nor will "naked assertions" devoid of "further factual enhancement." Id.

    The standard of review for a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to that for a motion to dismiss under Rule 12(b)(6). Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, dismissal on the pleadings is proper only if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

**B. ADA**

Title III of the ADA prohibits places of public accommodation from denying disabled persons "opportunities to participate in goods and services provided by an entity, and from offering disabled persons goods and services that are not equal to those provided to non-disabled customers." See 42 U.S.C. § 12182(b)(1)(A)(i)-(ii). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

**C. WLAD**

Under the WLAD, Plaintiffs must show (1) that they are disabled; (2) that the Defendants' establishment is a place of public accommodation; (3) that disabled persons are not provided services comparable to those provided nondisabled persons by or at the place of public accommodation; and (4) that their disability was a substantial factor causing the discrimination. Gough v. PeaceHealth St. Joseph Med. Ctr., No. 12-0345RAJ, 2013 WL 1148748, at *7 (W.D. Wash. Mar. 19, 2013). The elements of discrimination under the ADA and WLAD are similar, and "courts may look to Title III of the [ADA] and interpretation of that provision as one source of guidance in adjudicating WLAD cases." Washington State Commc'n Access Project v. Regal Cinemas, Inc. ("Wash-CAP"), 173 Wn. App. 174, 190 (2013). "That source of law is helpful, though it is not necessarily dispositive." Id.

**II. Motion to Dismiss**

The Movie Theater Operators contend that they cannot be held liable under the ADA or WLAD because the Fathom Content is neither formatted nor distributed with captions. (Dkt. No.

18 at 7.) Plaintiffs respond that the Movie Theater Operators cannot escape liability because it is "technically possible and feasible to make captioning available" (Dkt. No. 1 at ¶¶ 23, 28) and "if no one else volunteers to capture the captions for [the Fathom Content], then the responsibility devolves to the [Movie Theater Operators] as 'places of public accommodation.'" (Dkt. No. 29 at 19.)

In January 2017, the DOJ implemented detailed regulations regarding the requirements for movie captioning under the ADA. The regulations provide that "[a] public accommodation shall ensure that its movie theater auditoriums provide closed movie captioning and audio description whenever they exhibit a digital movie *that is distributed with such features*." 28 C.F.R. § 36.303(g)(2) (emphasis added). In its commentary, the DOJ explains that the final rule "*does not require movie theaters to add captions or audio description for movies that are not produced or distributed with these features*." 81 Fed. Reg. 87348, 87349 (Dec. 2, 2016) (emphasis added); Id. at 87381 (the rule does not "require a movie theater to independently add such [captioning] features to a movie that is not distributed with such features.").

Despite these unambiguous directives, Plaintiffs claim that the regulations specify what a movie theater must do when captions *are* provided, but do not address the situation where they are not. (Dkt. No. 29 at 13-15.) This interpretation is unsupported. The DOJ's commentary—which is entirely consistent with the regulations—expressly states that the Movie Theater Operators are required to provide captions only when "they exhibit a digital movie that is distributed with such features." 28 C.F.R. § 36.303(g)(2). Any other interpretation would improperly render the DOJ's commentary meaningless. See, e.g., Arizona v. Harkins Amusement Enterprises, Inc., 603 F.3d 666 (9th Cir. 2010); Fortyune v. City of Lomia, 766 F.3d 1098 (9th Cir. 2014).

In Harkins, the Ninth Circuit concluded that, where the DOJ's commentary expressly stated that "[m]ovie theaters are not required . . . to present open-captioned films," open captions were not required under the ADA as a matter of law. Id. at 672. The court explained that entities "should be able to rely on the plain import of the DOJ's commentary until it is revised," and that it must "defer to an agency's interpretation of its own regulation unless an 'alternative reading is compelled by the regulation's plan language or by other indications of [the agency's] intent at the time of the regulation's promulgation." Id. at 672 & n.2 (citing Thomas Jefferson University v. Shalala, 512 U.S. 504, 512 (1994)).

Similarly, in Fortyune, the Ninth Circuit concluded that the ADA, the relevant regulations, and the DOJ's commentary *all* indicated that public entities must make government functions reasonably accessible to disabled persons, irrespective of whether the DOJ provided technical specifications for the particular types of facilities involved. 766 F.3d at 1102-05. The court explained that this interpretation was consistent with the DOJ's interpretation, which it found was "entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation." Id. at 1104 (citation omitted).

As the regulations and commentary both are consistent with the ADA and WLAD, deference to these sources would not "eliminate statutory requirements." Cf. Hunsaker v. Contra Costa County, 149 F.3d 1041, 1043 (9th Cir. 1998). Title III of the ADA requires places of public accommodation to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services," unless doing so would "fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. §

12182(b)(1)(A)(i)-(ii), (b)(2)(A)(iii). Title III does not require "provision of different goods or services." Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000). The WLAD is no different in this respect, and requires places of public accommodation to make "reasonable accommodations," meaning "action, reasonably possible in the circumstances, to make the regular service of a place of public accommodation accessible to persons who otherwise could not use or fully enjoy the services because of the person's sensory, mental, or physical disability." WAC 162-26-040(2).

Under both the ADA and the WLAD, the Movie Theater Operators "must take action that is reasonably possible to make their screenings, *for which captions are provided by film distributors*, understandable to deaf and hard-of-hearing patrons." Wash. State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wn. App. 174, 195 (2013) (emphasis added). They are not, however, required to create captions where they are not provided by film distributors, as there is no indication that it would be "reasonably possible" for them to do so.

Therefore, the Court GRANTS the Movie Theater Operators' Motion to Dismiss.

## III. Motion for Judgment on the Pleadings

Fathom contends that the ADA and WLAD do not apply to it, such that Plaintiffs' claims against it fail as a matter of law. (Dkt. No. 27 at 4.) The ADA applies only to an entity that "owns, leases (or leases to), or operates a place of public accommodation." Lonberg v. Sanborn Theaters Inc., 259 F.3d 1029, 1033 (9th Cir. 2001); see also Karczewski v. DCH Mission Valley LLC, 862 F.3d 1006, 1010 (9th Cir. 2017) ("To prevail on a claim under [Title III], Plaintiff must establish that . . . the defendant is a private entity that owns, leases, or operates a place of public accommodation."). Similarly, the WLAD applies only where "the defendant's business or establishment is a place of public accommodation." Fell v. Spokane Transit Auth., 128 Wn.2d

618, 637 (1996). The phrase "places of public accommodation" speaks only "to places and facilities." Id. at 638.

Plaintiffs effectively concede that Fathom does not own, lease, or operate any movie theaters and that it is not a "place of public accommodation" within the meaning of the ADA and WLAD. (Dkt. No. 28.) Nevertheless, they contend that because Fathom is a joint venture of Regal, AMC, and Cinemark and the relationship between the Movie Theater Operators and Fathom is "far from clear," it is "unknown" whether Fathom may be a necessary party under Rule 19. (Id. at 3-4.) This is not enough. Plaintiffs must offer more than mere speculation and a "sheer possibility" of liability to support their claim against Fathom, Iqbal, 556 U.S. at 678, and their "sue first, ask questions later" approach cannot be condoned.

Therefore, the Court GRANTS Fathom's Motion for Judgment on the Pleadings.

**Conclusion**

While the Court is sympathetic to and takes seriously the issues raised by Plaintiffs, it must find that Plaintiffs' ADA and WLAD claims fail as a matter of law. Therefore, the Court GRANTS the Movie Theater Operators' Motion to Dismiss and GRANTS Fathom's Motion for Judgment on the Pleadings.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 9, 2018.

Marsha J. Pechman
United States District Judge